UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 18-CV-24698-COOKE/GOODMAN**

MARCELO A. ARRILLAGA and
WILFREDO TORRES ESTRADA,

    Plaintiffs,

v.

SMART BUY FURNITURE, INC,
GIANCARLO TORRES, SARRA TORRES
and NADIA ESCOTO,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO APPROVE MEDIATED SETTLEMENT AGREEMENT, ENFORCE SETTLEMENT AGREEMENT, AND ENTRY FOR FINAL JUDGMENT**

COMES NOW, Plaintiff, MARCELO A. ARRILLAGA, and Plaintiff, WILFREDO TORRES ESTRADA (collectively, "Plaintiffs"), by and through their undersigned attorney, hereby seek entry of an order approving the mediated settlement agreement, enforcing the settlement agreement and entry for final judgment, and in support thereof state as follows:

1. This action was initially brought pursuant to the Fair Labor Standards Act ("FLSA") to recover overtime wages.

2. On February 1, 2019, this Court entered its order requiring that the parties attend mediation on March 15, 2019 with Bruce A. Blitman, Esq. [D.E. 15]

3. All parties except Defendant Nadia Escoto ("Escoto") attended the court ordered mediation. The Undersigned first became aware at mediation that Defendant Escoto would not be attending.

4. The parties mediated with Defendant Escoto apparently available by phone.

5. On March 15, 2019, a mediated settlement agreement was signed. Defendant Escoto did not sign since she was not present. A true and correct copy of the settlement agreement is attached hereto as Exhibit "A."

6. The same day, the Undersigned filed a notice of settlement. [D.E. 16.]

7. The settlement agreement attached hereto as Exhibit "B" was the agreed upon settlement agreement circulated after the mediation.

8. Plaintiffs have signed; however, Defendants have refused to sign or otherwise comply with the mediated settlement agreement.

9. Today is the deadline for the parties to submit a joint motion to approve the settlement agreement. *See* D.E. 17 ("A stipulation of final dismissal, or a motion for dismissal, must be filed within 30 days of this Order.")

**MEMORANDUM OF LAW**

**A. Approval of The FLSA Settlement Agreement**

For a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.").

Here, a bona fide dispute exists between the parties concerning the number of hours actually worked by the Plaintiffs. Further and more importantly, the Plaintiffs have concerns with collectability[1] and decided to settle their dispute via settlement agreement over a payment plan.

Under the settlement agreement, Defendants would be paying a total sum of $20,000.00. Plaintiff Wilfredo Torres Estrada would receive a total sum of $3,500.00 and Plaintiff Marcelo Arrillaga would receive a total sum of $9,000.00. The total amount of attorney's fees and costs would be $7,500.00.

---

[1] Upon information and belief, the corporate defendant transacts heavily in cash.

The $3,500.00 allocated to Plaintiff Estrada represents a recovery of 100% of the wages, including liquidated damages sought. *See* D.E. 2. The $9,000.00 allocated to Plaintiff Arrillaga represent in excess of 100% of the unliquidated wages sought.

Further, to facilitate a settlement for Plaintiffs, the first two payments were to be split between the Plaintiffs, thereby ensuring that Plaintiff Estrada would be paid in full after two payments and prior to any attorney's fees being paid, thereby mitigating the risk of non-payment to Plaintiff Estrada. The Undersigned counsel would only receive pro-rata payments starting on the third payment. Plaintiffs submit that this settlement agreement is fair and reasonable given the nature of the dispute, the legal issues involved, and the risks and costs associated with further litigation

### B. Enforcement of Settlement Agreement and Entry of Final Judgment

"Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). "'The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract.'" *Id.* at 1122 (quoting *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)).

Even though this settlement agreement arose under the FLSA, state contract law applied. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (citing *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999)). Under Florida law, "[w]hen the parties entered into the settlement agreement, their rights and duties merged into that agreement and its provisions became binding on the parties and the trial court." *M & C Assocs. v. Fla. Dep't of Transp.*, 682 So. 2d 640, 640 (Fla. 2d DCA 1996) (citing *J. Allen, Inc. v. Castle Floor Covering, Inc.*, 543 So. 2d 249 (Fla. 2d DCA 1989)). "An order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement." *Johnson v. Bezner*, 910 So.2d 398, 401 (Fla. 4th DCA 2005) (citing *Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295 (Fla. 4th DCA 2002)).

The appropriate remedy for breach of an FLSA settlement agreement is to "enforce the agreement through a final judgment in [p]laintiff's favor for the monies due and owing that have not been paid to date." *Garcia v. Rambo Sec. Patrol, Inc.*, No. 08- 22303-Civ, 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010). "The entry of a money judgment is the

appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Id*. (citing *Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 261 (5th Cir. 1972)). "Such a judgment is in the nature of a judgment by consent, authorized under the trial court's 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Id*. (quoting *Cia Anon*, 374 F.2d at 36).

Here, the Defendants (except Escoto) have signed the mediated settlement agreement, and have not tendered the April 15, 2019 payment. Although the settlement agreement is contingent upon Court approval, the Defendants never tendered the check to be held in trust pending court approval. It is requested that a final judgment be entered against all the Defendants, jointly and severally, for the total amount of $20,000.00. A judgment should be entered against Defendant Escoto for the same amount as a sanction for failing to comply with the Court's order requiring mediation. *See* [D.E. 15] ("Failure to comply with this Order may result in sanctions.")

## **CERTIFICATE OF CONFERRAL**

Counsel for Plaintiffs, Christopher Zacarias, Esq, certifies that he has attempted to confer with counsel for Defendants, Joel Lucoff Esq. Plaintiffs' counsel has been unable to obtain Defendants' position on the motion.

WHEREFORE, Plaintiffs seeks entry of an order approving the mediated settlement agreement, enforcing the settlement agreement and entry of a final judgment against the Defendants for $20,000.00 jointly and severally, sanctions against Defendant Escoto for failing to comply with the Court ordered mediation, together with any and all other relief which the Court deems just and equitable.

Respectfully Submitted,

**LAW OFFICE OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiffs*
5757 Blue Lagoon Dr, Suite 230
Miami, Florida 33126
Tel.: (305) 403-2000
Fax: (305) 459-3964


By: /s/ Christopher F. Zacarias
Christopher F. Zacarias, Esq.
Florida Bar No. 85609
czacarias@zacariaslaw.com
pleadings@zacariaslaw.com
Rosendo A. Forns, Esq.
Florida Bar No. 125391
Rosendo@zacariaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christopher F. Zacarias*
CHRISTOPHER F. ZACARIAS

## SERVICE LIST

Joel D. Lucoff, Esq.
**Debt Shield Law**
3440 Hollywood Blvd., Suite 415
Hollywood, Florida 33021
Phone: (305) 776-1805
Fax: (305) 503-9457
service@debtshieldlawyer.com
joel@debtshieldlawyer.com
*Counsel for Defendants*