SETTLEMENT, RELEASE AND
NON-DISCLOSURE AGREEMENT

THIS SETTLEMENT, RELEASE AND NON-DISCLOSURE AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and between **MARCELO A. ARRILLAGA and WILFREDO TORRES ESTRADA,** (hereinafter "Plaintiffs" or "Employees"), and **SMART BUY FURNITURE, INC., GIANCARLO TORRES, SARRA TORRES, and NADIA ESCOTO,** (hereinafter collectively referred to as "Defendants").

WITNESSETH:

WHEREAS, Plaintiffs filed a civil action against Defendants which was removed to the United States District Court, Southern District of Florida, to which case number 18-CV-24698-COOKE/GOODMAN was assigned (hereinafter referred to as the "civil action"), and in which Plaintiff alleged claims, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

WHEREAS, Defendants deny Plaintiffs' claims;

WHEREAS, Plaintiffs and Defendants desire to avoid incurring further costs of litigation, and seek to resolve all matters in controversy, disputes, and causes of action between them in an amicable fashion;

WHEREAS, Plaintiffs and Defendants have reached a full and final compromise and settlement of all matters, causes of action, claims and contentions between them; and

WHEREAS, Plaintiffs acknowledges that any payment received pursuant to this Agreement constitutes consideration which he would not otherwise be entitled to receive from Defendants.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the parties as follows:

1. This Agreement, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violation of the rights of Plaintiffs or any other person, or of any violation of any order, law, statute, regulation, duty, or contract, or any act of discrimination whatsoever against Plaintiffs or any other person, and Defendants specifically disclaim any liability to, or discrimination against Plaintiffs or any other person, and any alleged violation of any rights of Plaintiffs or any other person, or of any order, law, statute, regulation, duty or contract.

2. Plaintiffs agree that they shall take all necessary actions to execute, serve and file all documents and pleadings necessary to dismiss the civil action with prejudice. Plaintiff expressly confirms that the Action will be voluntarily dismissed in its entirety with prejudice, upon the Court approving the settlement and entering an order retaining jurisdiction to enforce Defendants' obligations to make payments.

3. In full settlement of all claims including attorney's fees and costs, Defendants agree to pay Plaintiffs and their attorney the total sum of Twenty Thousand 00/100 Dollars ($20,000.00)[1] apportioned as follows:

A. No later than April 15, 2019, Defendants shall pay a total sum of Three Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($3,250.00);

   a. To Wilfredo Estrada the sum of Eight Hundred and Twelve Dollars 50/100 Dollars ($812.50) representing wages

   b. To Wilfredo Estrada the sum of Eight Hundred and Twelve Dollars 50/100 Dollars ($812.50) representing liquidated damages

   c. To Marcelo Arrillaga the sum of Eight Hundred and Twelve Dollars 50/100 Dollars ($812.50) representing wages

   d. To Marcelo Arrillaga the sum of Eight Hundred and Twelve Dollars 50/100 Dollars ($812.50) representing liquidated damages

B. No later than May 15, 2019, Defendants shall pay a total sum of Three Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($3,250.00);

   a. To Wilfredo Estrada the sum of Nine Hundred and Thirty Seven Dollars 50/100 Dollars ($937.50) representing wages

   b. To Wilfredo Estrada the sum of Nine Hundred and Thirty Seven Dollars 50/100 Dollars ($937.50) representing liquidated damages

   c. To Marcelo Arrillaga the sum of Six Hundred and Eighty Seven Dollars 50/100 Dollars ($687.50) representing wages

   d. To Marcelo Arrillaga the sum of Six Hundred and Eighty Seven Dollars 50/100 Dollars ($687.50) representing liquidated damages

C. No later than June 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

   a. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing wages

   b. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing liquidated damages

   c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand One Hundred and Twenty Five 00/100 Dollars

---

[1] Wilfredo Torres Estrada shall receive a total sum of $3,500.00, Marcelo Arrillaga shall receive a total sum of $9,000.00. The total amount of attorney's fees and costs is a total of $7,500.00

363393                                    2

($1,125.00) representing reasonable attorney's fees and costs incurred in this action.

D. No later than July 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

   a. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing wages

   b. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing liquidated damages

   c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand One Hundred and Twenty Five 00/100 Dollars ($1,125.00) representing reasonable attorney's fees and costs incurred in this action.

E. No later than August 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

   a. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing wages

   b. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing liquidated damages

   c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand One Hundred and Twenty Five 00/100 Dollars ($1,125.00) representing reasonable attorney's fees and costs incurred in this action.

F. No later than September 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

   a. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing wages

   b. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing liquidated damages

   c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand One Hundred and Twenty Five 00/100 Dollars ($1,125.00) representing reasonable attorney's fees and costs incurred in this action.

G. No later than October 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

   a. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing wages

M.A.                                                                 W.T.

      b. To Marcelo Arrillaga the sum of Five Hundred and Sixty Two Dollars 50/100 Dollars ($562.50) representing liquidated damages

      c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand One Hundred and Twenty Five 00/100 Dollars ($1,125.00) representing reasonable attorney's fees and costs incurred in this action.

H. No later than November 15, 2019, Defendants shall pay a total sum of Two Thousand Two Hundred and Fifty Dollars 00/100 Dollars ($2,250.00);

      a. To Marcelo Arrillaga the sum of One Hundred and Eighty Seven Dollars 50/100 Dollars ($187.50) representing wages

      b. To Marcelo Arrillaga the sum of One Hundred and Eighty Seven Dollars 50/100 Dollars ($187.50) representing liquidated damages

      c. To Employees' Counsel, "Law Offices of Christopher F. Zacarias, P.A.", the sum of One Thousand Eight Hundred and Twenty Five 00/100 Dollars ($1,875.00) representing reasonable attorney's fees and costs incurred in this action.

4.    The parties warrant that they will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to his attorney(s) and accountant(s); (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency.

The parties further acknowledge that if either party is asked about the civil action, they may only respond that the "matter was amicably resolved," or that the "matter has been settled to the parties' mutual satisfaction," or other words to that effect.

5.    The Parties hereby mutually unconditionally and irrevocably release and forever discharge each other (which terms shall collectively include all past and present parents, successors in interest and assigns, affiliates, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, business associations, sole proprietorships, and its/their current or former officers, directors, stockholders, members, employees, agents, representatives, attorneys, fiduciaries, administrators, or partners, in their individual capacities) of and from, and agree not to sue and not to assert against either Party, any causes of action, claims and demands whatsoever, known or unknown, at law, in equity, or before any agency or commission of local, state and federal governments, arising, alleged to have arisen, or which might have been alleged to have arisen, or which may arise under any law, and statutes and laws of contract and torts that either has or had behalf of himself/itself and on behalf of persons/entities similarly situated, ever had, now has or which the Parties heirs, executors, administrators, or assigns, or any of them, hereafter can, shall or may have for or by reason of any cause whatsoever, through the effective date of this

*M.A.*                                                  *W.T*

Agreement. The release is intended to Release Plaintiff from any and all non-compete agreements. This release does not release Parties of their obligations under this Agreement.

6. The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff represents that this agreement has been translated to Spanish.

7. The parties hereto represent and acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the parties or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

8. Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other to seek enforcement of such term, provision or obligation in a court of law of competent jurisdiction, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs incurred in such proceeding.

9. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, invalid, unethical or unenforceable term, or provision shall be deemed not to be part of this Agreement.

10. The parties to this Agreement may execute their signatures in counterpart, each document of which may be considered as an original when executed. A facsimile signature shall be deemed to be an original.

11. This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

12. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. Plaintiff expressly warrants that they have not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

13. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

14. The Parties agree that this Court retains jurisdiction to enforce the terms of this Agreement. **THE PARTIES AGREE TO WAIVE ANY RIGHT TO TRIAL BY JURY IN**

ANY ENFORCEMENT PROCEEDING, ACTION, OR LITIGATION ARISING OUT OF, DIRECTLY OR INDIRECTLY, THIS AGREEMENT.

15. The parties expressly acknowledge and agree that this Agreement and the payment of the sums provided in paragraph 3 is contingent upon the entry of an Order from the Court dismissing the civil action with prejudice.

16. TIME IS OF THE ESSENCE WITH RESPECT TO ALL MATTERS CONTAINED HEREIN.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

04.23.19
Date

**MARCELO A. ARRILLAGA**

04/23/19
Date

**WILFREDO TORRES ESTRADA**

_____
Date

**SMART BUY FURNITURE, INC**

_____
Date

**SARRA TORRES**

_____
Date

**NADIA ESCOTO**

_____
Date

**GIANCARLO TORRES**

363393

6