UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 18-cv-24698-Cooke/Goodman

MARCELO A. ARRILLAGA and
WILFREDO TORRES ESTRADA,

    Plaintiffs,
 v.

SMART BUY FURNITURE, INC, GIAN
CARLO TORRES, SARRA TORRES and
NADIA ESCOTO,

    Defendants.
_____/

## DEFENDANTS'S OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT

Defendants, Smart Buy Furniture, Inc. ("Smart Buy"), Giancarlo Torres, Sara Torres, and Nadia Escoto ("Escoto") file this Memorandum in Opposition to Plaintiffs' Motion to Enforce Settlement (D.E. 19), and, in support thereof, states as follows:

There is no completed settlement to enforce. Plaintiffs and Defendants, Giancarlo Torres and Sara Torres, attended mediation on March 15, 2019, and entered into a preliminary agreement. Per the mediated document, there were additional terms. (See DE 19-1). The proposed additional terms were not provided by Plaintiffs until April 15, 2019, and were not signed by Plaintiffs until April 23, 2019. None of the Defendants have signed the proposed settlement agreement (DE 19-2). There is no settlement agreement between the parties to enforce.

Notwithstanding Plaintiffs' claims that certain sums were allocated to either Plaintiff or taxable costs and attorney's fees, there was no agreement between any of the parties regarding such allocation. The proposed settlement agreement (DE 19-2) was prepared by the Plaintiffs with no input from any of the Defendants. How any purported

settlement funds were to be allocated was never discussed between the parties but was created by the Plaintiffs.

Plaintiffs have cited Johnson v. Bezner, 910 So.2d 398, 401 (Fla. 4th DCA 2005), to state that "[a]n order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement." The proposed settlement agreement (DE 19-2) was never agreed to by the parties but was only proposed by the Plaintiffs. Based on the language of the Johnson case, this Court may not impose terms that were not included in the agreement.

Further, Defendants, Smart Buy and Escoto, did not sign any settlement documents, either preliminary or proposed, and did not agree, orally or in writing, to settle this matter on their behalf. It is conceded that Defendants, Smart Buy and Escoto did not attend the mediation conference in contravention of this Court's order (DE 15), but to sanction those Defendants by entering a judgment against them is a harsh penalty that does not fit the violation. This Court's Order Setting Trial Date and Pretrial Deadlines (DE 8) required that mediation be completed by June 21, 2019. That date is still one (1) month away.

Based on the above, Plaintiffs' Motion to Enforce Settlement should be denied and Defendants, Smart Buy and Escoto, should not be sanctioned to the point of entering a judgment against them for failing to appear at the mediation.

Respectfully submitted,

Debt Shield Law
Attorney for Plaintiff
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:     305-776-1805
Fax:    305-503-9457
service@debtshieldlawyer.com
joel@debtshieldlawyer.com

  */s/ Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 18-cv-24698-Cooke/Goodman

MARCELO A. ARRILLAGA and
WILFREDO TORRES ESTRADA,

      Plaintiffs,

v.

SMART BUY FURNITURE, INC, GIAN
CARLO TORRES, SARRA TORRES and
NADIA ESCOTO,

      Defendants.
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on May 20, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/ Joel D. Lucoff*
                                            Joel D. Lucoff

Christopher F. Zacarias, Esq.
Attorney for Plaintiff
5757 Blue Lagoon Dr, Suite 230
Miami, FL 33126
pleadings@zacariaslaw.com