UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 18-cv-24698-Cooke/Goodman

MARCELO A. ARRILLAGA and
WILFREDO TORRES ESTRADA,

    Plaintiffs,

v.

SMART BUY FURNITURE, INC, GIAN
CARLO TORRES, SARRA TORRES and
NADIA ESCOTO,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Smart Buy Furniture, Inc. ("Smart Buy"), Giancarlo Torres ("Giancarlo"), Sara Torres ("Sara") and Nadia Escoto ("Escoto"), by and through their undersigned counsel, respond to Plaintiffs' Complaint as follows:

1. Denied.

2. Admitted for jurisdictional purposes only.

3. Admitted for venue purposes only.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted the individual Defendants reside in Miami-Dade County. Admitted that Defendant, Giancarlo had operational control over Smart Buy. Admitted that venue is proper in Miami-Dade County, Florida. All other allegations denied.

8. Admitted for jurisdictional purposes only.

9. Denied that Smart Buy had in excess of $500,000.00 revenue for the relevant time period. Denied that Defendants, Sara and Escoto, were engaged in interstate commerce.

Denied that Defendants engage in interstate commerce with respect to its employees. Smart Buy during the relevant time period sold and delivered goods only to Florida. Defendants do not sell or market to customers outside the state of Florida. All other allegations are denied.

10. Denied as phrased.

11. Denied. See affirmative defenses.

12. Denied.

## COUNT I – UNPAID OVERTIME

13. Defendants reaffirm their responses to paragraphs 1 through 12 as fully set forth herein.

14. Admitted.

15. Denied that Marcelo A. Arrillaga ("Marcelo") was employed by Smart Buy. Marcelo was an independent contractor. Denied as to the dates of employment. Admitted as to the hourly rate of $12.00. Denied that Marcelo worked approximately 60 hours per week. Admitted that Marcelo was not paid for all overtime worked. All other allegations denied.

16. Denied.

17. Denied.

18. Denied that Defendants, Smart Buy and Giancarlo, owe Marcelo for overtime wages. All other allegations denied.

19. Denied. Marcelo was advised by Defendant, Giancarlo, not to work as many hours as he did, but Marcelo was insubordinate and continued to do so.

20. This is not an allegation but a prayer for relief.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, Marcelo A. Arrillaga, for costs, attorney's fees and any other relief that this Court deems just and proper.

### **COUNT II – UNPAID OVERTIME, WILFREDO TORRES ESTRADA**

21. Defendants reaffirm their responses to paragraphs 1 through 12 as fully set forth herein.

22. Admitted.

23. Denied that Wilfredo Torres Estrada ("Wilfredo") was employed by Smart Buy. Wilfredo was an independent contractor. Denied as to the dates of employment. Admitted as to the hourly rate of $10.00. Denied that Wilfredo worked approximately 60 hours per week. Admitted that Wilfredo was not paid for all overtime worked. All other allegations denied.

24. Denied.

25. Denied.

26. Denied that Defendants, Smart Buy and Giancarlo, owe Wilfredo for overtime wages. Denied that these overtime wages are owed since the commencement of Wilfredo's employment. Denied that Wildredo is entitled to recover double damages for all unpaid overtime

27. Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiff, Wilfredo Torres Estrada, for costs, attorney's fees and any other relief that this Court deems just and proper.

### **COUNT III – INDIVIDUAL LIABILITY OF GIANCARLO TORRES**

28. Defendant, Giancarlo, reaffirms his responses to paragraphs 1 through 27 as fully set forth herein.

29. Admitted.

30. Admitted.

WHEREFORE, Defendant, Giancarlo Torres, demands judgment in his favor and against Plaintiffs for costs, attorney's fees and any other relief that this Court deems just and proper.

## COUNT IV - INDIVIDUAL LIABILITY OF SARA TORRES

31. Defendant, Sara, reaffirms her responses to paragraphs 1 through 27 as fully set forth herein

32. Denied.

33. Denied.

WHEREFORE, Defendant, Sara Torres, demands judgment in her favor and against Plaintiffs for costs, attorney's fees and any other relief that this Court deems just and proper.

## COUNT V – INDIVIDUAL LIABILITY OF NADIA ESCOTO

34. Defendant, Escoto, reaffirms her responses to paragraphs 1 through 27 as fully set forth herein

35. Denied.

36. Denied.

WHEREFORE, Defendant, Nadia Escoto, demands judgment in her favor and against Plaintiffs for costs, attorney's fees and any other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs were not employed by Defendants, Smart Buy and Giancarlo, for the time periods alleged by Plaintiffs.

2. Defendants, Smart Buy and Giancarlo, are entitled to a set-off against Plaintiff, Marcelo A. Arrillaga, for the funds improperly kept by him.

3. Neither Plaintiff worked approximately 60 hours per week. Plaintiff, Wilfredo, rarely worked overtime.

4. Plaintiff, Marcelo, improperly and without permission or approval, removed time records of Defendant, Smart Buy.

5. Defendants, Sara and Escoto, during the relevant times did not exercise operational control of Smart Buy, did not "control the purse strings" of Smart Buy, or determine the hours of any employee of Smart Buy.

6. Defendant, Smart Buy, is not an enterprise under the FLSA as it did not have an annual gross volume of sales made or business done in excess of $500,000.00. 29 U.S.C. §203(s)(1)(A)(ii).

6. Defendants, Sara and Escoto, during the relevant times are not an "employer" as defined by the FLSA. Defendants, Sara and Escoto, are not subject to individual liability.

7. Plaintiffs were independent contractors and not employees under the FLSA and not entitled to overtime.

8. Plaintiff, Marcelo, often was not working during the time he claimed to work.

9. Defendants, Smart Buy and Giancarlo, acted in good faith at all material times.

> /s/ Joel D. Lucoff
> Joel D. Lucoff
> Fla. Bar No. 192163
> Debt Shield Law
> 3440 Hollywood Blvd., Suite 415
> Hollywood, Florida  33021
> (305)776-1805
> service@debtshieldlawyer.com
> joel@debtshieldlawyer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 18-cv-24698-Cooke/Goodman

MARCELO A. ARRILLAGA and
WILFREDO TORRES ESTRADA,

      Plaintiffs,
 v.

SMART BUY FURNITURE, INC, GIAN
CARLO TORRES, SARRA TORRES and
NADIA ESCOTO,

      Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s/ Joel D. Lucoff*
                                                Joel D. Lucoff


Christopher F. Zacarias, Esq.
Attorney for Plaintiff
5757 Blue Lagoon Dr, Suite 230
Miami, FL 33126
pleadings@zacariaslaw.com